UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SINAJKA FARAC ET AL                                CIVIL ACTION

VERSUS                                             NO: 06-7147

SUNDOWN ENERGY, LP                                 SECTION: J(3)

## ORDER AND REASONS

Before the Court is Defendant Sundown Energy, LP's ("Sundown") **Motion to Strike and/or Dismiss Paragraphs 6 through 16 of Isla's Fourth Amended Complaint (Rec. Doc. 147)** and Mid-Continent Casualty Company's ("Mid-Continent") **Motion to Strike and/or Dismiss Isla Corporation's Fourth Amended Complaint, Subject to the Court's Order of Severance and Stay as to Mid-Continent (Rec. Doc. 112).** Plaintiff Isla Corporation ("Isla") has filed an opposition to Sundown's motion (Rec. Doc. 149).[1] The Court has reviewed the motions, the record, the memoranda of counsel, and the applicable law, and now finds that Sundown and Mid-Continent's motions should be granted for the reasons that follow.

## DISCUSSION

The parties are intimately familiar with the background of

---

[1] Mid-Continent's motion – which requests essentially the same relief on the same grounds as Sundown's motion – is set for hearing on August 19, 2009, and as such, Isla has not yet filed an opposition. However, to the extent that both Sundown and Mid-Continent's motions seek the same relief based on similar rationales, the Court will address both motions in the present order.

this case, and as such the Court will provide only a brief summary of the facts.  This case concerns an oil spill in the wake of Hurricane Katrina at Sundown's facilities in Plaquemines Parish, Louisiana.  Isla owns 400 acres of land, 3 acres of which is subject to a servitude in favor of Sundown.  Isla filed suit against Sundown on August 25, 2006, seeking damages for the contamination of its property due to Sundown's allegedly improper storage of oil at its West Potash facilities (located on the West Bank of the Mississippi River in Plaquemines Parish).  After a stay of discovery pending class claims in a related case, Isla amended its original complaint - after protracted motion practice before the Magistrate Judge and this Court - to (1) add Sundown's liability insurer as a party; (2) assert additional claims involving alleged contamination from oil tanks that floated away from Sundown's *East Potash* facility; and (3) assert a contract claim alleging breach of a 1954 servitude agreement. (Rec. Doc. 61).  Subsequently, the Court denied Mid-Continent's motions to transfer, stay , or dismiss Isla's direct-action claims as well as Sundown's third-party claims in favor of related litigation between Mid-Continent and Sundown before the Northern District of Texas, Dallas Division ("the Texas Litigation").

Shortly thereafter, the Court held an in-chambers status conference on May 26, 2009, in which the Court set various trial and pre-trial dates, and ordered, in pertinent part, as follows:

(1) Plaintiffs shall file an amended complaint to add the

next layer excess insurer for Sundown Energy, LP, **within 30 days** of entry of this order.

(2) Plaintiff Isla Corporation's direct action against Mid-Continent, and Sundown's third-party complaint against Mid-Continent are hereby SEVERED AND STAYED pending the outcome of Civil Action No. 3:06-CV-1576-D, Mid-Continent Casualty Company v. Eland Energy, Inc. and Sundown Energy LP, which is currently pending before the Northern District of Texas, Dallas Division, as well as the trial of the principal claims by Plaintiffs against Sundown in the matter before this Court.

Rec. Doc. 138.

Isla complied with the Court's order and filed within the thirty day period a fourth amended complaint naming Sundown's excess insurer as an additional defendant. However, the amended complaint also includes several admittedly "new factual allegations" - specifically paragraphs 6 through 16 - which for the first time assert claims that "[s]ince May 2, 2002, the Sundown drill site has been contaminated with the presence of hydrocarbons and other hazardous substances resulting from intermittent and ongoing spills and releases" that have damaged Isla property. Rec. Doc. 140, ¶¶6 and 8. In addition to adding this previously unmentioned three year period of new allegations to its complaint, Isla contends that the pre-Katrina spills and releases exacerbated the effects of the spills caused by the storm in 2005. Id. ¶11.

## THE PARTIES' ARGUMENTS

Sundown and Mid-Continent argue that, although Isla properly filed its fourth amended complaint within the thirty-day period

3

ordered by the Court, the amendments went beyond the scope of the Court's order, without seeking the leave required by Rule 15 of the Federal Rules of Civil Procedure. Sundown and Mid-Continent contend that the Court's May 26, 2009 minute entry - which ordered Isla to file an amended complaint to add Sundown's excess insurer *as consented to by Sundown and Mid-Continent* at the conference - contemplated *only* an amendment to add the insurer and did not envision eleven paragraphs of new factual allegations. Sundown and Mid-Continent recognize that the Court subsequently entered a Scheduling Order (Rec. Doc. 139), which expressly references the May 26 minute entry, that provided a June 26, 2009 deadline for amending pleadings. However, Sundown and Mid-Continent argue that this amendment deadline in the Scheduling Order merely parallels the deadline set forth in the Court's May 26 minute entry, and in any event did not contemplate the addition of allegations that fundamentally change the nature and scope of the pre-existing lawsuit. In fact, Sundown and Mid-Continent point out that the Scheduling Order expressly notes that "[p]leadings have been completed." As such, Sundown and Mid-Continent argue that paragraphs 6-16 of Isla's Fourth Amended Complaint are improper and should be stricken - and/or that the claims in those paragraphs should be dismissed - for failure to comply with the Court's May 26 minute entry and for failure to seek consent for the amendments under Local Rule 7.6E and/or for failure to seek leave to add the new allegations under Rule 15.

Alternatively, Sundown and Mid-Continent argue that the new allegations should be stricken under Rule 12(f) as immaterial to the lawsuit.

In addition, Mid-Continent on its part notes that the Court's May 26, 2009 minute entry *stayed and severed all proceedings in this case* against Mid-Continent, pending the outcome of the Texas Litigation. However, Mid-Continent notes that, despite the fact that it is already a latent party to the present lawsuit by virtue of the Court's stay order, Isla nonetheless *issued formal service of the fourth amended* complaint on Mid-Continent, presumably because Isla was aware that its new allegations would change the scope of this case. Mid-Continent argues that, in addition to violating LR 7.6E and Rule 15, Isla's fourth amended complaint also violates the Court's stay and severance order in the May 26, 2009 minute entry. Mid-Continent further argues that, notwithstanding the procedural problems with the amendments, Isla's addition of the new allegations at this late stage of the present lawsuit is entirely the result of its own delay in performing the necessary testing of its property. In any event, even if recent testing did produce evidence to support the new allegations - and Mid-Continent questions whether such testing even took place - Isla should be forced to produce the results in the context of a motion for leave under Rule 15 before the new allegations are allowed to be entered into the record. As such, Mid-Continent argues that the new allegations

5

should be stricken and/or dismissed, or in the alternative, seeks a lift of the severance and stay order and a modification of the Scheduling Order to allow for extensive discovery on Isla's new claims, which span a nearly seven-year period.  Further, in the event the Court strikes or dismisses those allegations, Mid-Continent seeks the reasonable fees and costs of filing the present motion under Rule 16(f), as Isla has failed to comply with the Court's pre-trial stay and severance order.

In response, Isla argues that its amendment was properly filed in accordance with the May 26 minute entry and the June 1 Scheduling Order.[2]  Isla essentially concedes that it "perhaps should have requested leave of Court to file its Fourth Amended Complaint," but argues that the new allegations in paragraphs 6-16 will not unfairly prejudice the defendants in this case.  Further, Isla argues that granting Sundown and Mid-Continent's motions would create piecemeal litigation, as it would then be forced to file a new lawsuit in Plaquemines Parish to address its newly discovered claims.  Isla contends that Sundown's instant motion is another example of its attempts throughout this litigation to delay the ultimate completion of the case.

Sundown has filed a reply brief, which reiterates its

---

[2] Isla mistakenly indicates that the Scheduling Order provided a June 28 deadline for filing amended pleadings, when in fact the Scheduling Order established a June 26 deadline, consistent with the thirty-day period provided in the May 26th minute entry.

6

position that the new allegations in Isla's Fourth Amended Complaint should be stricken.  Sundown reiterates that the June 1 Scheduling Order did not alter the May 26 Minute Entry. Additionally, Sundown notes that, if the new allegations are allowed, Isla could essentially continue "finding" new claims into perpetuity - as it has done throughout this litigation by shifting its theories of liability at various stage.  Finally, Sundown responds to Isla's allegations of dilatory tactics by noting that *Isla itself* delayed in performing the proper testing - if in fact such testing has been performed - that allegedly revealed the new factual bases for the allegations in the Fourth Amended Complaint, nearly *four years* after the events that gave rise to this case.  As such, Sundown argues that any delay in this case has been the fault of Isla alone.

## **DISCUSSION**

The Court finds that Isla's Fourth Amended Complaint was filed in violation of the Court's May 26th minute entry, and in violation of LR 7.6E and Rule 15 of the Federal Rules of Civil Procedure.  Isla's reliance on the non-specific, general amendment language in the June 1 Scheduling Order as a grounds for the propriety of its entirely new allegations in its Fourth Amended complaint is disingenuous in the face of the specific language of the May 26th minute entry that expressly limited the scope of the permissive amendment to the addition of a new insurer.  The Court did not grant leave - nor did Sundown and

7

Mid-Continent agree - for Isla to expand the scope of the present lawsuit in its Fourth Amended complaint.  As such, Isla's Fourth Amended Complaint, to the extent it asserts entirely new factual allegations, is improper.  Accordingly,

**IT IS ORDERED** that Sundown's **Motion to Strike and/or Dismiss Paragraphs 6 through 16 of Isla's Fourth Amended Complaint (Rec. Doc. 147)** and Mid-Continent's **Motion to Strike and/or Dismiss Isla Corporation's Fourth Amended Complaint, Subject to the Court's Order of Severance and Stay as to Mid-Continent (Rec. Doc. 112)** are hereby **GRANTED**.

**IT IS FURTHER ORDERED** that paragraphs 6-16 of Isla's Fourth Amended Complaint (Rec. Doc. 140) are hereby **STRICKEN** from the record in this case.

**IT IS FURTHER ORDERED** that Mid-Continent's request for fees and costs under Rule 16(f) is hereby **DENIED,** as the Court does not find such an award to be justified in the circumstances.

New Orleans, Louisiana, this 23rd day of July, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE